UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-692** |
| **HUDSON INSURANCE COMPANY, BOYD BROTHERS TRANSPORTATION CO., INC., AND JEFFREY FOCHTMAN** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #6) is **DENIED**.

## BACKGROUND

Plaintiff, Marvin Howard, seeks to remand this action to the Civil District Court, Parish of Orleans, State of Louisiana. Howard argues that removal was untimely because the Notice of Removal was filed more than thirty days after the defendants, Hudson Insurance Company, Boyd Brothers Transportation Company, Inc., and Jeffrey Fochtman, received the first papers from which they could ascertain that the amount in controversy exceeded $75,000, the minimum amount required for diversity subject matter jurisdiction in federal court. Howard, a Louisiana citizen, also argues that this court lacks diversity subject matter jurisdiction because two Louisiana citizens, Shirley Mack and US Agencies, are named as defendants, thus destroying diversity subject matter jurisdiction. Howard contends that defendants should have removed the action when they received the petition if they thought that Shirley Mack and US Agencies were improperly joined.

On September 21, 2011, Marvin Howard, Shirley Mack, Ronnie Mack and Rachel Pichon[1], were involved in a motor vehicle accident with an 18-wheel truck being driven by Jeffrey Fochtman, who was employed by WTI Transport, Inc.[2] At the time of the accident, Shirley Mack was driving a van in which Ronnie Mack, Pichon and Howard were passengers.[3] The vehicles scraped each other as they approached a ramp leading to Interstate-10, near the intersection of North Claiborne Avenue and St. Phillip Street in New Orleans, Louisiana. Photographs of the van after the accident show a tire scrape mark on the driver's side of the van left by the 18-wheel truck.

On May 10, 2012, Howard send a settlement demand letter via facsimile to defendants seeking $150,000 plus reimbursement for his medical bills. Howard renewed that demand via electronic mail on May 31, 2012.

On August 8, 2012, Howard filed this action in the Civil District Court, Parish of Orleans, State of Louisiana, alleging claims against the defendants related to the September 21, 2011, motor vehicle accident. In his petition, Howard alleges that as a result of the motor vehicle accident he:

> suffered personal and bodily injuries and mental anguish, including but not limited to: neck, back and thoracic injuries, including multiple

---

[1] The Macks and Pichon filed a separate action in the Civil District Court, Parish of Orleans, State of Louisiana against Hudson Insurance Company, Boyd Brothers Transportation and Jeffrey Fochtman regarding the September 21, 2011, motor vehicle accident. Hudson Insurance Company, Boyd Brothers Transportation and Jeffrey Fochtman removed the action to the United States District Court for the Eastern District of Louisiana, and it was assigned Civil Action No. 13-682. The Macks and Pichon filed a motion to remand that action to the Civil District Court, Parish of Orleans, State of Louisiana (Doc. #5), arguing that the defendants' notice of removal was untimely.

[2] Plaintiff erroneously alleges that Fochtman was employed by Boyd Brothers.

[3] Defendants contend that Ronnie Mack was driving the van because Fochtman stated that a male was driving the van at the time of the accident. Howard testified that he was in the rear passenger seat.

> herniated and/or bulging discs, neurological damage, headaches, sleeplessness, sleep problems, and constant pain.

Howard seeks damages for mental and physical pain and suffering, loss of enjoyment of life, medical expenses, lost wages and benefits, loss of earning capacity, permanent disability and inconvenience.

Howard was deposed on March 13, 2013. Howard testified at his deposition that Shirley Mack remained in her lane, and "the truck sideswiped [the van] and kept going" as Shirley Mack was attempting to ascend the ramp onto Interstate-10. Howard also testified that Shirley Mack did not do anything wrong, and that Fochtman was at fault for the motor vehicle accident.

On March 19, 2013, Howard's counsel made a written settlement demand to defense counsel seeking $175,000, to settle the matter.

On April 10, 2013, defendants filed a Notice of Removal of the action to the United States District Court for the Eastern District of Louisiana. In the Notice of Removal, defendants state that the federal court has diversity subject matter jurisdiction under 28 U.S.C. § 1332, because the parties are diverse in citizenship and there is more than $75,000 in controversy. Defendants also state that they first became aware that the amount in controversy exceeded the jurisdictional minimum upon receipt of plaintiffs' March 19, 2013, settlement demand. Further, defendants state that they learned that Shirley Mack and US Agencies were improperly joined during Howard's March 13, 2013, deposition when Howard admitted in his testimony that Shirley Mack did not cause the accident.

On May 10, 2013, Howard filed a motion to remand. Howard does not dispute that the amount in controversy exceeds the jurisdictional minimum. Instead, Howard contends that defendants' Notice of Removal was untimely because it was filed more than thirty days after they were served with notice of the suit. Howard argues that defendants could have ascertained from the

petition and his pre-filing settlement demands that the amount in controversy exceeded $75,000. Howard also argues that defendants should have removed the action within thirty days of receiving the petition if they thought that Shirley Mack and US Agencies were improperly joined. Howard, Shirley Mack and US Agencies are citizens of Louisiana, thus defeating federal diversity subject matter jurisdiction, unless Shirley Mack and US Agencies were improperly joined. Howard argues that defendants knew these facts when they received the petition, and should have removed the action and argued improper joinder within thirty days of being served with the suit.

Defendants argue that Howard's petition did not provide sufficient information regarding his damages from which defendants could ascertain the extent of Howard's damages. Defendants also argue that Howard's pre-filing settlement demands are irrelevant because the time for filing a notice of removal begins to run when it becomes apparent from either the petition or other papers received thereafter that the plaintiff's damages exceed the jurisdictional threshold. Further, defendants argue that it was not apparent that Shirley Mack and US Agencies were improperly joined until Howard testified at his March 13, 2013, deposition that Shirley Mack was not at fault for the accident.

## ANALYSIS

**A.     Legal Standard for Removal**

A defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the suit. See 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the federal court has diversity subject matter jurisdiction over actions in which the plaintiff and defendants are not citizens of the same State, and there is more than $75,000 in controversy.

**B.      Timeliness of Removal**

To remove a case from state court to federal court, a defendant must file a notice of removal within thirty days of the service of the petition on the defendant. See id. at §§ 1446(a)-(b). If the plaintiff's initial petition is not removable, the defendant may file a notice of removal within thirty days of being served with an amended petition or other document from which it may first be ascertained that the case is removable. Id. at § 1446(b).

In Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit held that the thirty-day period for removal provided by § 1446 begins to run at the receipt of the initial pleading "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Therefore, if the plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading," he or she must specifically allege that his or her damages exceed the jurisdictional threshold for federal diversity subject matter jurisdiction. Id. In adopting this rule the court stated that the rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. Further, the court held that documents received by a defendant before the plaintiff files suit are not relevant for the calculation of the timeliness of removal. Id. at 164-65. Rather, under § 1446(b), "other papers" related to the federal jurisdictional amount must be received by the defendant after the plaintiff files suit. Id. "A deposition may constitute a new paper or event that changed the facts regarding the removableness of the case." Ameen v. Merck & Co., Inc., 2007 WL 1026412 (5th Cir. 2012) (citing S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996)).

5

1. **Amount in Controversy**

Howard's petition contains generic allegations regarding his damages, and does not affirmatively reveal on its face that he is seeking damages in excess of $75,000. The settlement demands Howard forwarded to defendants prior to his filing the lawsuit are irrelevant for the calculation of the timeliness of defendants' removal, because the defendants must receive "other papers" related to the federal jurisdictional amount after the plaintiff files suit. See Chapman, 969 F.2d at 164-65. Thus, the timeliness of defendants' removal is determined by counting from the date they received Howard's March 19, 2013, settlement demand, and defendants removed the matter within thirty days of that date. Therefore, removal was timely with respect to defendants' definitively ascertaining that the amount in controversy exceeded $75,000.

2. **Improper Joinder**

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the allegedly improperly joined party in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The United States Court of Appeals for the Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.
>
> \* \* \*
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants ... [but if] ... a plaintiff ... has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court

>may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id.

The sole issue is whether Howard is able to establish a cause of action against Shirley Mack and US Agencies in Louisiana state court.[4]  Howard was a passenger in a vehicle allegedly operated by Shirley Mack that was involved in an accident.[5]  As a guest passenger in a vehicle involved in an accident, Howard could have a cause of action against the driver of that vehicle if the driver was at fault in the accident. LA. CIV. CODE art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.").  However, Howard testified at his deposition that Shirley Mack was not at fault in the accident.  Indeed, when he was asked "what do you think Ms. Mack did wrong?," Howard responded "nothing."  Further, Howard has not served Shirley Mack or US Agencies.  Thus, Howard clearly does not expect to recover from them, and joined them in this action to defeat federal diversity subject matter jurisdiction.

Although Howard named Shirley Mack and US Agencies as defendants in his petition, and defendants knew the parties' respective citizenships when they were served, they could not have ascertained that Shirley Mack and US Agencies were improperly joined until after Howard's March 13, 2013, deposition.  Defendants timely removed the action to federal court within thirty days of Howard's deposition.

---

[4] Defendants do not argue that there was fraud in the pleadings.

[5] Defendants contend that Ronnie Mack was driving the van because Fochtman stated that a male was driving the van at the time of the accident. Howard testified that he was in the rear passenger seat.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #6) is **DENIED**.

New Orleans, Louisiana, this  20th  day of June, 2013.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**